**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Melvin Ray Franks, Sr., | No. CV-23-00484-PHX-DLR |
| Plaintiff, | **ORDER** |
| v. | |
| Commissioner of Social Security Administration, | |
| Defendant. | |

On July 30, 2018, Claimant Melvin Franks filed applications for Social Security Disability Insurance Benefits and Supplemental Security Income, alleging a disability beginning October 5, 2012. (AR. 236, 241.) He later amended the alleged onset date to November 17, 2017. (AR. 372.) The Social Security Administration denied his claims initially and again on reconsideration. (AR. 61, 69.) After an administrative hearing, the Administrative Law Judge ("ALJ") issued an unfavorable decision. (AR. 11.) The Appeals Council denied review of the decision, making the ALJ's finding the final decision of the Commissioner of the Social Security Administration. (AR. 1.) Franks seeks review of the Commissioner's decision under 42 U.S.C. § 405(g).

**I.      Standard**

To determine whether a claimant is disabled, the ALJ engages in a five-step process. 20 C.F.R. § 404.1520(a). The claimant bears the burden of proof for the first four steps, but the burden shifts to the Commissioner at the fifth step. *Tackett v. Apfel*, 180 F.3d 1094,

1098 (9th Cir. 1999). First, the ALJ determines whether the claimant is presently engaging in substantial gainful activity. 20 C.F.R. § 404.1520(a)(4)(i). Second, the ALJ determines whether the claimant has a "severe" medically determinable physical or mental impairment. *Id.* § 404.1520(a)(4)(ii). Third, the ALJ considers whether the claimant's impairment or combination of impairments meets or medically equals an impairment listed in Appendix 1 to Subpart P of 20 C.F.R. Part 404. *Id.* § 404.1520(a)(4)(iii). If so, the claimant is automatically considered disabled. Otherwise, the ALJ moves to the fourth step, where he assesses the claimant's residual functioning capacity ("RFC") and determines whether the claimant is still capable of performing past relevant work. *Id.* § 404.1520(a)(4)(iv). If the claimant is not so capable, as the fifth and final step, the ALJ must determine whether the claimant can perform any other work in the national economy based on the claimant's RFC, age, education, and work experience. *Id.* § 404.1520(a)(4)(v). If not, the claimant is disabled. *Id.*

This Court reviews only those issues raised by the party challenging the ALJ's decision. *See Lewis v. Apfel*, 236 F.3d 503, 517 n.13 (9th Cir. 2001). An ALJ's factual findings are "conclusive if supported by substantial evidence." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1153 (2019) (quotation and citation omitted). Substantial evidence is "more than a mere scintilla" and "means—and means only—such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* at 1154 (quotations and citations omitted). "When evidence reasonably supports either confirming or reversing the ALJ's decision, [the Court] may not substitute [its] judgment for that of the ALJ." *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1196 (9th Cir. 2004). The substantial evidence standard is a "highly deferential standard of review." *Valentine v. Comm'r of Soc. Sec. Admin.*, 574 F.3d 685, 690 (9th Cir. 2009).

**II.     Analysis**

Franks raises two issues for the Court's consideration: (1) whether the ALJ properly evaluated the medical opinion of Joshua Medeiros, M.S., PA-C, a consultative examiner, and (2) whether substantial evidence supports the ALJ's RFC determination.

### a. The ALJ properly evaluated PA Medeiros's opinion, and his evaluation is supported by substantial evidence.

For claims filed on or after March 27, 2017, like Franks's, ALJs give no specific evidentiary weight to any medical opinion. 20 C.F.R. § 416.920c(a). Instead, an ALJ is required to consider all medical opinions and articulate how persuasive he finds them. *Id.* § 416.920c(b). The ALJ considers several factors in assessing the persuasiveness of a medical opinion, but he need only articulate in his decision his findings regarding the supportability and consistency of the opinion with other evidence in the record. *Id.* § 416.920c(b)(2). Supportability examines the relevant objective medical evidence and supporting explanations presented by the source. *Id.* § 404.1520c(c)(1). Consistency examines the evidence from other medical and nonmedical sources. *Id.* § 404.1520c(c)(2).

Here, the ALJ rejected PA Medeiros's opinion as unpersuasive because it was "not supported by the longitudinal record, including the objective imaging and longitudinal clinical exam findings." (AR. 21.) PA Medeiros reviewed Franks's medical records and opined that Franks would be limited to no more than four hours of standing and walking in an eight-hour workday and could lift no more than twenty pounds. (AR. 1113.) PA Medeiros based this opinion on his examination of Franks's medical records and diagnoses of pulmonary hypertension, chronic obstructive pulmonary disease ("COPD"), and diabetes. (*Id.*)

Franks contends that the ALJ committed legal error by failing to assess the supportability of PA Medeiros's opinion. (Doc. 14 at 9.) PA Medeiros never personally examined Franks; instead, he reviewed Franks's medical records and formed an opinion based on those records. (*See* AR. 1113–15.) He relied primarily on four treatment notes and one imaging study. (*See id.*) So here, the supportability element of PA Medeiros's opinion was not entirely independent of the consistency element. Evaluation of the supportability of PA Medeiros's opinion is properly based on an examination of the evidence on which he relied, as that evidence served as his "supporting explanations." In

other words, to determine the supportability of the opinion, the ALJ had to look to other evidence in the record, like he would typically do to assess consistency.

The ALJ did so. For instance, he recognized that several treatment notes on which PA Medeiros relied noted shortness of breath, but evidence showed Franks's breathing, heart rate, and heart rhythm were normal. (AR. 387, 945.) Some of the same treatment notes state that Franks had edema, but the longitudinal record shows that he did not. (AR. 394, 400, 407, 442, 449, 945, 1113.) And one of the bases PA Medeiros offered for Franks's limitations was "risk for further edema." (AR. 1115.) The ALJ could not reconcile this assessment with the conflicting evidence—reflected in other records on which PA Medeiros relied—that Franks had no edema. Further, the ALJ highlighted PA Medeiros's failure to address many normal cardiac, respiratory, musculoskeletal, and extremity examinations in the record. (AR. 459, 576, 400, 629, 648–49, 677–78, 939.) Because the ALJ plainly intended to make both supportability and consistency findings, his error in failing to properly employ those terms is harmless. *See Woods v. Kijakazi*, 32 F.4th 785, 793 n.4 (9th Cir. 2022) (holding ALJ's failure to use proper term for consistency finding was not reversible error where "meaning . . . [was] clear from context"). The ALJ properly evaluated both the supportability and consistency of PA Medeiros's opinion, and substantial evidence supports his decision to reject the opinion as unpersuasive.

### b. The ALJ's RFC determination is supported by substantial evidence.

"It is the ALJ's role to assess a claimant's [RFC] 'based on all the relevant evidence' in the case file." *Steven R.T. v. Kijakazi*, No. 20cv2257-KSC, 2022 WL 2303950, at *11 (S.D. Cal. June 27, 2022) (quoting 20 C.F.R. § 404.1545(a)). A claimant's RFC is an administrative finding, not a medical opinion; "the final responsibility for deciding [this issue] is reserved to the Commissioner." 20 C.F.R. § 404.1527(d)(2).

Franks argues that the ALJ's RFC determination "is the product of legal error" because the ALJ did not incorporate PA Medeiros's assessed limitations and failed to further develop the record, "instead improperly rel[ying] upon his own lay interpretation of the medical record." (Doc. 14 at 8.) But there is nothing improper about the ALJ

interpreting the medical record; in fact, it is his duty to do so. *Howard ex rel. Wolff v. Barnhart*, 341 F.3d 1006, 1012 (9th Cir. 2003) ("[T]he ALJ must develop the record and *interpret the medical evidence*.") (emphasis added).

As the ALJ explained in his decision, his RFC determination was based on a consideration of "all symptoms and the extent to which these symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence." (AR. 19.) In his analysis, the ALJ discussed Franks's symptom testimony, his daily activities, and various clinical findings. (AR. 20–21.) As discussed above, the ALJ also properly evaluated PA Medeiros's opinion and rejected it as unpersuasive. Accordingly, he was not obligated to incorporate that opinion into the RFC. Franks's argument to the contrary is essentially an argument for a different interpretation of the evidence—that the ALJ should have found PA Medeiros's opinion persuasive. But this Court cannot "substitute its judgment for that of the [ALJ]." *Fair v. Bowen*, 885 F.2d 597, 604 (9th Cir. 1989).

Moreover, the ALJ's finding that COPD is a severe impairment does not necessitate the conclusion that his RFC must be "restricted to a light level of exertion," as Franks suggests. (Doc. 14 at 25.) In fact, following that line of reasoning would be violative of the ALJ's obligations because it fails to account for all relevant evidence in the record. See *Willcockson v. Astrue*, 540 F.3d 878, 880 (9th Cir. 2008) ("[W]hen determining RFC the ALJ must consider the observations of treating doctors and others and the claimant's own description of [his] limitations."). Franks testified that he can lift sixty pounds and that he acts as a full-time caregiver to his wife with disabilities. (AR. 33–34.) Franks's treatment records note marked improvement and stability in his conditions. (*See, e.g.*, AR. 398, 404, 435.) His clinical findings were generally normal. (*See, e.g.*, AR. 394, 400, 407, 442, 449, 945.) The ALJ properly considered this evidence against the backdrop of Franks's diagnoses and determined the record was inconsistent with a completely debilitating impairment. (*See* AR. 20–22.) Instead, it indicated the ability to maintain a full range of medium work. (AR. 21–22.) The ALJ's RFC determination is supported by substantial evidence.

1    **IT IS ORDERED** that the decision of the ALJ is **AFFIRMED**. The Clerk is
2    directed to enter judgment accordingly and terminate the case.
3    Dated this 26th day of September, 2024.

_____
Douglas L. Rayes
Senior United States District Judge